## Continental Casualty Co. v. Aetna Casualty & Surety Co.

*Joseph Weis, Jr.*, of *Weis & Weis*, for plaintiff.
*Frederick N. Egler*, for defendant.

LENCHER, P. J., November 21, 1963.—This is a suit in assumpsit instituted by Continental Casualty Co., (Continental), against the Aetna Casualty and Surety Co., (Aetna), for one-half the amount of a settlement, legal and medical expenses, plus the transcript costs incurred by plaintiff as a result of an accident involving one John Hoffman. Hoffman was insured by plaintiff and defendant at the time of said accident, under separate liability policies. This case involves the question of the respective obligations of each of these insurance companies under their respective policies.

### Facts

The parties have entered into the following stipulation as to the facts:

1. On January 19, 1959, plaintiff Continental Casualty Company insured Avis Rent-A-Car Company and persons who rented automobiles from that organization, according to the terms of the policy designated exhibit "A". This policy was issued to Avis in Massachusetts.

2. On the same date, defendant Aetna Casualty and Surety Company insured an automobile titled in the name of Betty Hoffman, wife of John Hoffman, in accordance with the terms of the policy designated exhibit "B". John Hoffman was a resident of the same household as his wife, Betty Hoffman. This policy was issued to Hoffman in New York.

3. Under the policy issued by defendant Aetna, John Hoffman was entitled to coverage in connection with the use of a nonowned automobile.

4. On January 19, 1959, John Hoffman was employed by the Dinner-Ready Corporation and, in the course of his business, rented an automobile from Avis Rent-A-Car Corporation in Pittsburgh. While driving the rented automobile on Route 30, East McKeesport, Allegheny County, Pa., he collided with a vehicle operated by one Roger Barr.

5. As a result of the collision, Hoffman instituted a suit for personal injuries in the United States District Court for the Western District of Pennsylvania against Roger Barr at civil action no. 17709. Barr counterclaimed for his personal injuries and property damage, claiming damages in excess of $10,000.

6. There was and is a dispute between Continental and Aetna as to which company owed a defense and payment of any judgment which might be rendered against Hoffman in favor of Barr.

7. Continental entered into the defense of the counterclaim and negotiations of settlement of Barr's claim without prejudice of its rights to assert a claim against Aetna for reimbursement or contribution of any sum

which might be paid by Continental in satisfaction of a judgment or settlement, as well as expenses incurred in investigation and defense.

8. After pretrial of the personal injury action, Continental tendered the sum of $6,000 to Barr in settlement of his claim against Hoffman. This offer was accepted by the attorneys for Barr.

9. The settlement of $6,000 was fair and reasonable under the circumstances.

10. Continental's policy contains the following pertinent provisions:

"Definition of Insured. The unqualified word 'insured' includes the named insured and also includes (1) any person, form, association, partnership or corporation to whom an automobile has been rented without a chauffeur (herein referred to as the 'renter'); . . .

"Other Insurance. The insurance under this policy shall be excess insurance over any other valid and collectible insurance available to the insured, either as an insured under another policy or otherwise.

"Definition of Hazards . . .

"II. Defense, Settlement, Supplementary Payments. With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:'

"(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; . . .

"(c) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court

such judgment as does not exceed the limit of the company's liability thereon; . . ."

11. Aetna's policy contains the following provisions:

". . . Persons Insured

"(b) With respect to a non-owned automobile,

"(1) the named Insured,

"(2) any relative, but only with respect to a private passenger automobile or trailer, provided the actual use thereof is with the permission of the owner; . . ."

"Definitions

" 'named Insured' means the individual named in item 1 of the declarations and also includes his spouse, if a resident of the same household; . . ."

". . . Exclusions

"h) . . . to a non-owned automobile while use (1) in the automobile business by the Insured or (2) in any other business or occupation of the Insured except a private passenger automobile operated or occupied by the named Insured or by his private chauffeur or domestic servant, or a trailer used therewith or with an owned automobile; . . .

"Other Insurance

"If the insured has other insurance against a loss covered by Part I of this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

". . . and the Company shall defend any suit alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit

are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient.

"To pay, in addition to the applicable limits of liability;

"(a) all expenses incurred by the Company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon; . . ."

12. The limits for personal injury on the Continental Policy are $50,000 for one person or $100,000 for each accident. Property damage coverage is $5,000.

13. The limits for personal injury on the Aetna policy are $25,000 for one person or $50,000 for each accident. Property damage coverage is $5,000.

14. The parties have agreed to submit this matter to the court for entry of judgment, reserving the right to except to any findings, conclusions of law or judgment, and preserving the right to appeal to the Superior or Supreme Court of Pennsylvania.

15. The parties further agree that the following statements are factual and both parties reserve the right to dispute their materiality and relevancy:

(a) No additional charge was made by Avis or Continental for renters who had no liability insurance on automobiles of their own, nor was any reduction made for renters who had liability insurance on automobiles of their own.

(b) Aetna Casualty granted no reduction in rates for policyholders of theirs who rented automobiles from commercial organizations such as Avis who had insurance policies of the type involved in this case.

The case is before the court at this time on motion for judgment on the merits.

## Discussion

The dispute arises over the effect of the clauses in each policy which makes each policy excess over any other valid and collectible insurance available to the insured.

Aetna contends that since Avis is the owner of the specific vehicle involved in the accident, its insurer, Continental, should be regarded as the primary insurance carrier and Aetna should be regarded as the excess insurance carrier. Aetna further contends that since the policy limits of Continental were adequate, Aetna should not be called upon to participate in the payment of the loss.

Continental contends that since the two excess clauses cannot both be effective, and there is no compelling reason to rule in favor of either one, both should be cancelled out, leaving both policies to be considered as primary insurance.

There were no Pennsylvania appellate court cases cited by either party on this specific issue, nor has the court been able to locate a Pennsylvania decision on this point.

However, this specific issue is the subject of an annotation in 69 A. L. R. 2d 1122. The principal case reported in that annotation is Cosmopolitan Mutual Insurance Co. v. Continental Casualty Co., 28 N. J. 554, 147 A. 2d 529 (1959), which the authors state represents the majority opinion of the reported cases.

The Cosmopolitan case is apposite to the case at bar. The wording of the Cosmopolitan policy is the same as Aetna's, while the wording of the Continental policy is the same as Continental's in this case. The vehicle involved in the Cosmopolitan case was a rented truck from a rental firm, while here it involved a rented automobile.

In a well-composed opinion, the Supreme Court of New Jersey comprehensively discusses the various

holdings of other jurisdictions and held that the "excess" clauses of both policies were mutually repugnant and therefore the coverage of such policy applied equally. In so holding the court stated (28 N. J. at 562) :

". . . it is obvious that there can be no 'excess' insurance in the absence of 'primary' insurance. Since neither policy by its terms is a policy of 'primary' insurance, neither can operate as a policy of 'excess' insurance. The excess insurance provisions are mutually repugnant, and as against each other are impossible of accomplishment. Each provision becomes inoperative in the same manner that such a provision is inoperative if there is no other insurance available. *Therefore, the general coverage of each policy applies* and *each company is obligated to share in the cost of the settlement and expenses.* We think that such a conclusion affords the only rational solution of the present dispute.

". . . We therefore conclude that as both companies stand on an equal footing equity requires an equal apportionment of the amount of the settlement and expenses": page 564. (Italics supplied.)

This court is in agreement with the above holding and is of the opinion that the only equitable solution to this complex problem is that both insurers share equally in the settlement and the expenses involved in effecting said settlement. Continental settled the claim of Roger Barr for $6,000, and incurred legal expenses, medical expenses and transcript costs in the amount of $556.42. Therefore, Aetna must now reimburse Continental in the amount of $3,278.21.

*Conclusions of Law*

1. Since both policies purport to be excess, neither clause can prevail and both policies must be considered primary.

2. Both policies being primary, both plaintiff and defendant should share equally the costs of settlement and defense.

3. Plaintiff, having paid the joint obligation of plaintiff and defendant, it is now entitled to reimbursement to the extent of one-half sums expended by plaintiff.

An appropriate order will be entered.

### Order of Court

And now, to-wit, November 21, 1963, after argument and upon due consideration of briefs filed, it is ordered, adjudged and decreed that judgment is hereby entered in favor of plaintiff in the sum of $3,278.21, and against defendant.

Eo die, exceptions noted to defendant and bill sealed.